IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

HARLEYSVILLE LIFE              :
INSURANCE COMPANY,
                               :
    Plaintiff,
vs.                            :       CA 06-0466-C

BARRY WRIGHT, et al.,          :

    Defendants.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the settlement agreement executed by the defendants (Doc. 39). The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings. (Doc. 37 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")) Through this order the Court **APPROVES** the settlement reached by the defendants, two of whom are minor children, and **DISCHARGES** plaintiff from any further liability in this matter.

## FINDINGS OF FACT

1.      On November 22, 2005, plaintiff, Harleysville Life Insurance Company, filed a complaint for interpleader and declaratory relief in the United States District Court for the Northern District of Alabama against Barry Wright and Dorothy Louise Wright with respect to proceeds ($68,000.00) from a life insurance policy purchased by Percy Wright, Jr.[1] and issued by Harleysville to Alabama Farmers Cooperative, Inc., the policyholder. (*See* Doc. 21, COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF) Harleysville paid into the registry of the United States District Court for the Northern District of Alabama death benefits totaling $68,704.22. (*Id.* at 3)

> **WHEREFORE**, Harleysville, having paid the Death Benefits into the registry of this Court, and having, thereby, fulfilled its duties to tender the Death Benefits upon receiving a claim thereto, respectfully requests that the Court (1) adjudge that the defendants and any other claimants be required to interplead and settle between themselves who is rightfully entitled to receive the Death Benefits from the Policy[,] (2) that Harleysville be discharged from all liability in the premises arising out of the Policy, and any processing of any claim to Death Benefits, [and] (3) that all parties and claimants be enjoined from pursuing any claim against Harleysville arising out of the Policy, and any processing of any claim to Death Benefits[.]

---

[1]     Percy Wright, Jr. died on March 14, 2005. (Doc. 21, COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF)

(*Id*. at 3-4)

2.   On June 29, 2006, plaintiff filed an amended complaint in the Northern District of Alabama and therein added as a party defendant Sophonia Surles, as the mother and next friend of Shundreka Vera Surles, a minor, and Amber Marie Surles, a minor. (*See* Doc. 21, FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF)

3.   On August 10, 2006, this case was transferred to this Court from the Northern District of Alabama. (*See* Doc. 21) The funds transferred to the registry of this Court on that date totaled $69,593.81.

4.   On August 22, 2006, Zachary Timothy Collins, Esquire, filed a notice of appearance on behalf of Sophonia Surles (Docs. 24 & 25) and, on December 15, 2006, J. Patrick Cheshire, Esquire, filed a notice of appearance on behalf of Dorothy Louise Wright (Doc. 32).

5.   On January 18, 2007, plaintiff filed a second motion to amend the complaint to add as a party defendant Dorothy Louise Wright as mother and next friend of Breanna Ennis, a minor. (Doc. 33, SECOND AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF) Concurrently therewith, plaintiff filed a motion to appoint Joseph H. Hagood, III, Esquire, as *guardian ad litem* for Breanna Ennis. (Doc. 34) This Court

granted both motions by order dated January 23, 2007. (Doc. 36)

6.      The Court conducted a status conference in this case in Selma, Alabama on January 26, 2007. The defendants advised the Court at that hearing that a settlement had been reached in this matter. The *guardian ad litem* for Breanna Ennis, Joseph Hagood, III, advised the Court that under the terms of the death policy Ennis was not a qualifying beneficiary.

7.      On March 6, 2007, the settlement agreement reached by the defendants was docketed by the Clerk's Office.  (Doc. 39)

> This Agreement is made and entered into between **Dorothy Louise Wright, Breanna Ennis**, by her court appointed Guardian Ad Litem, **Joseph Hagood, III, Amber and Shundreka Surles,** by and through their mother and next friend **Sophonia Surles** and **Barry Wright**.
>
> WHEREAS, the above styled case is an action in the United States District Court, Southern District of Alabama, Southern Division involving accidental death benefits in the amount of $68,704.22 interplead into this Court by Harleysville Life Insurance Company as a result of the death of Percy Wright, Jr., and pending in aforementioned federal court.
>
> **NOW THEREFORE,** in consideration of the premises, mutual covenants and agreements hereinafter made, the sufficiency of which is hereby acknowledged by the parties, the parties hereto agree as follows:
>
> **SETTLEMENT INFORMATION:**
>
> **1.      EFFECTIVE DATE:** This agreement shall be effective as of the date it is signed by all parties subject thereto.

**2.      SETTLEMENT OF DISPUTED CLAIMS:** All the parties agree that in settlement of these claims that the court is to distribute the proceeds paid into this Court as follows:

      A.      Three Hundred and Fifty dollars ($350.00) to Joseph Hagood, III, as payment for his services as Guardian Ad Litem.

      B.      Three thousand three-hundred twenty-one dollars and fifty-five cents ($3,321.55) to Dorothy Wright.

      C.      Twenty-one thousand six hundred seventy-seven dollars and fifty-five cents ([$]21,677.55) payable to Barry Wright and his attorney J. Matthew Williams with the check sent to The Anderson Law Firm, LLC 7515 Halcyon Pointe Drive, Montgomery, AL 36117.

      D.      Twenty-one thousand six hundred seventy-seven dollars and fifty-six cents ([$]21,677.56) payable to Sophonia Surles as mother and next friend to Shundreka Surles and her attorney Zachary T. Collins with the check sent to Zack Collins 207 Montgomery Street, Suite 215 Montgomery, AL 36104.

      E.      Twenty-one thousand six hundred seventy-seven dollars and fifty-six cents ([$]21,677.56) payable to Sophonia Surles as mother and next friend to Amber Surles and her attorney Zachary T. Collins with the check sent to Zack Collins 207 Montgomery Street, Suite 215 [Montgomery, AL 36104.]

      F.      Any interest earned on this money while it has been in the possession of the Clerk's Office shall be divided as follows less the ten percent administrative assessment:

            1/3   Barry Wright.
            1/3   Sophonia Surles as mother and next friend of Amber Surles.
            1/3   Sophonia Surles as mother and next friend of Shundreka Surles.

**3. GUARDIAN AD LITEM'S OPINION AND FEES:** The Guardian Ad Litem has agreed to accept $350.00 for legal services provided in this case. This fee shall be disbursed as stated in paragraph 2(A) above. The Guardian Ad Litem has relayed to this Court that under his reading of the life insurance policy that is the subject matter of this case that his client, Breanna Ennis, is not entitled to any of the proceeds from this policy and her mother Dorothy Louise Wright agrees with this conclusion and evidences this by her signature on this document.

**4. ATTORNEY'S FEES:** Counsel for Barry Wright, J. Matthew Williams, has entered into a contingency fee agreement with his client regarding the payment of legal fees for representing his interest in this matter. Zachary T. Collins, counsel for Sophonia Surles, individually and as mother and next friend of Amber and Shundreka Surles, has entered into a contingency fee agreement with his clients regarding the payment of legal fees for representing his interest in this matter.

**5. WITHDRAWAL OF CLAIMS:** Dorothy Louise Wright, personally, and on behalf of Breanna Ennis, agrees to withdraw any claims to the accidental death benefits subject to the litigation in the United States District Court, Southern District of Alabama, Southern Division, case number 2:06-cv-0466.

**6. WAIVER OF APPEAL/CONSIDERATION FOR SAME:** Dorothy Wright agrees to forever waive any rights to appeal any matter or issue subject to this litigation and assents that payment of the settlement amount in ¶2 above constitutes sufficient consideration to waive any rights to appeal for her and on behalf of Breanna Ennis.

(*Id.*)[2]

---

[2] The settlement agreement was executed by the following individuals: Barry Wright, Dorothy Louise Wright, Sophonia Surles, as mother and next friend to Amber and

8.     Attached to the settlement agreement is the affidavit of Sophonia Surles, mother and next friend to Amber and Shundreka Surles. (Doc. 39, Affidavit of Sophonia Surles)

> Amber and Shundreka are the biological children of Percy Wright, Jr. As mother and next friend of the minor children, I am solely responsible for the care, maintenance, and support of Amber and Shundreka. I am aware that the proceeds from the accidental death insurance policy underwritten by Harleysville Life Insurance Company are the property of the children. I will protect this money by placing it in a sufficient investment account such as a certificate of deposit, money market, or annuity so that the children will have access to the funds in the future. I also intend on using some of the funds to provide for their immediate support and maintenance. I also inform the Court that there are other funds from another settlement arising out of the death of Percy Wright, Jr. that will be held in annuities for the minor children's future benefit.

(*Id.*)

9.     As of February 28, 2007, the amount on deposit in this Court had grown to $69,998.44.

10.    Based on the evidence presented at the hearing in this cause on January 26, 2007, as well as all pertinent pleadings contained in the file, it is determined that the proposed settlement is in the best interest of the minor children of the decedent, Amber and Shundreka Surles (as well as the other

---

Shundreka Surles, J. Patrick Cheshire, attorney for Dorothy Wright, Zachary T. Collins, attorney for Sophonia Surles, J. Matthew William, attorney for Barry Wright, and Joseph Hagood, III, *guardian ad litem* for Breanna Ennis. (*Id.*)

parties), and is a just, fair, and equitable conservation of their individual interests. The settlement is hereby ratified and expressly approved by the Court.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows**:

1. That the money transferred into this Court and now deposited into the registry of this Court shall be divided in the following manner: (1) the court-appointed *guardian ad litem* for Breanna Ennis, a minor, Joseph Hagood, III, shall be paid a fee of $350.00;[3] (2) defendant Dorothy Wright shall be paid $3,321.55; (3) defendant Barry Wright shall have $21,677.55, with his fair distribution being paid jointly to Mr. Wright and his attorney, J. Matthew Williams;[4] (4) defendant Amber Surles shall have $21,677.56, with her fair distribution being paid to her mother and next friend, Sophonia Surles and Ms.

---

[3] Mr. Hagood's reading of the insurance policy at issue in this case, consistent with the Court's own reading, establishes that Breanna Ennis, the minor child of Dorothy Wright, is not a beneficiary under the terms of the policy. Accordingly, Breanna Ennis is not entitled to any of the death benefits under that policy.

[4] The Clerk's Office is directed to issue a check jointly to Barry Wright and his attorney, J. Matthew Williams, in the amount of $21,677.55 plus 1/3 of the distributable accrued interest, and mail same in care of Mr. Williams to the following address: The Anderson Law Firm, LLC, 7515 Halcyon Pointe Drive, Montgomery, Alabama 36617.

Surles' attorney Zachary T. Collins;[5] and (5) defendant Shundreka Surles shall have $21,677.56, with her fair distribution being paid to her mother and next friend, Sophonia Surles and Ms. Surles' attorney Zachary T. Collins.[6] In addition, the interest that has accrued on the monies paid into the registry of the Court shall be divided among Barry Wright, Amber Surles, and Shundreka Surles, less the Court's 10% managing assessment, as follows: (1) defendant Barry Wright shall have 1/3 of the accrued interest, with distribution made jointly to Barry Wright and his attorney, J. Matthew Williams; (2) defendant Amber Surles shall have 1/3 of the accrued interest, with distribution being made to her mother and next friend Sophonia Surles and Ms. Surles' attorney Zachary T. Collins; and (3) defendant Shundreka Surles shall have 1/3 of the accrued interest, with distribution being made to her mother and next friend Sophonia Surles and Ms. Surles' attorney Zachary T. Collins.

---

[5] The Clerk's Office is directed to issue a check jointly to Sophonia Surles, as mother and next friend of Amber Surles, and her attorney, Zachary T. Collins, in the amount of $21,677.56 plus 1/3 of the distributable accrued interest, and mail same in care of Mr. Collins to the following address: 207 Montgomery Street, Suite 215, Montgomery, Alabama 36104. In addition, the Clerk's Office is directed to issue a separate check jointly to Sophonia Surles, as mother and next friend of Shundreka Surles, and her attorney, Zachary T. Collins, in the amount of $21,677.56 plus 1/3 of the distributable accrued interest, and mail same in care of Mr. Collins to the aforementioned address.

[6] These amounts come to a total of $68,704.22, which is the amount initially paid into the registry of the United States District Court for the Northern District of Alabama by plaintiff Harleysville on November 22, 2005.

2. That the plaintiff's motion for discharge of further liability and dismissal with prejudice contained in its initial complaint and all subsequent amendments (Doc. 21, COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; *see also* Doc. 21, FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; Doc. 33, SECOND AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF) be and the same hereby is **GRANTED**. The Court **ENJOINS** all defendants in this action from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the proceeds of Group Term Life Insurance Policy No. G-4277 or relating in any way to the defendants' actions with respect to the handling of this claim and **DISCHARGES** the plaintiff, Harleysville Life Insurance Company, from all further liability under or relating to the proceeds of Group Term Life Insurance Policy No. G-4277.

**DONE** and **ORDERED** this the 8th day of March, 2007.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**